# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEVIN WARD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | No. 12-2642-KHV |
| ) | |
| LENEXA, KANSAS POLICE DEPARTMENT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Kevin Ward and Desta Yilala bring suit pro se against the Police Department of Lenexa, Kansas and Marcus Hefley, Nicholas Vajen and James Befort, all Lenexa police officers, for violation of constitutional rights. This matter comes before the Court on Ward's Motion To Sever (Doc. #64) filed October 24, 2013, which the Court also construes as a motion to supplement the pretrial order. For reasons stated below, the Court sustains the motion in part.

**I.    Procedural Background**

On January 13, 2012, plaintiffs filed their complaint in this case. See Doc. #1. Plaintiffs allege as follows: Plaintiffs are both black men who were employed by Ray's Breakfast and Burgers ("Ray's Breakfast"), 7820 Quivira Road, Lenexa, Kansas.[1] Id. at 1. On several visits to the establishment, Officers Hefley and Befort informed Ward that a nearby resident – who was known to make false reports to police – had complained about loud noise coming from the restaurant/night club. Id. at 2. In investigating the complaints, defendants ignored the Lenexa municipal code regarding noise limitations. Id. Defendants used discriminatory tactics to shut down Ray's

---

[1]    Yilala apparently owned the business and Ward worked there as a security officer.

Breakfast and to cause Ward to almost lose his security guard license. Id. Specifically, defendants arrested Ward and charged him with disturbing the peace when they knew that he did not own the restaurant and that unless he did, he could not be held accountable for the allegations. Befort made racially inflammatory statements to Ward by stating that the complainant was "a mature white resident of Lenexa [who] should not have to hear your boom-boom music coming through her window at night." Id. at 3. Defendants frequently visited the establishment and continually harassed plaintiffs and patrons. Id. at 5. Defendants' actions caused Yilala to lose his business, both plaintiffs to lose their place of employment, and Ward to go through a municipal adjudication that was premised on prejudice. Id. at 5-7. As a result of the ticket which Ward received for disturbing the peace, Ward lost his employment at Ray's Breakfast. Id. at 6-7. Defendants' actions violated plaintiffs' constitutional rights under the Fourteenth Amendment to equal protection and due process. Id. at 9. Plaintiffs seek compensatory and punitive damages. Id. at 10-11.

On October 7, 2013, the Court entered a pretrial order (Doc. #62), which describes the nature of the case as follows:

> Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging violation of their equal protection rights under the Fourteenth Amendment of the United States Constitution. Plaintiffs' complaint is premised upon events that occurred at the business located at 7820 Quivira Road in Lenexa, Kansas, between 2009 and December 2011, when plaintiffs were working at that location. Specifically, plaintiffs contend the business was searched several times without a warrant and that the business was closed by officers before the end of business hours, which ultimately resulted in them being forced to close the business.

Pretrial Order (Doc. #62) at 1-2.[2]

Regarding plaintiffs' factual contentions, the pretrial order largely tracks the allegations set

---

[2] On September 18, 2013, Magistrate Judge James P. O'Hara held a final pretrial conference in the case. See Doc. #61.

forth in the complaint. In a footnote, the pretrial order states as follows:

> During the pretrial conference, there was considerable discussion about whether the claims plaintiffs proposed to include in this pretrial order went beyond what they alleged in their complaint (doc. 1) and thus beyond what defendants inquired about when they deposed plaintiffs (see also paragraph 12 below).[3] Accordingly, in paragraph 5(a) of this pretrial order, the court has simply stated, with very minor editing for the sake of clarity, the allegations as they appear in plaintiffs' complaint.
>
> It should also be noted here that, after the pretrial conference (as is customary), Judge O'Hara circulated a revised form of [the] pretrial order to the pro se plaintiffs and defense counsel. In response to that revised document, plaintiff Yilala sent a letter to the court but it did not make any sense. Plaintiff Ward, though, did timely suggest that the crux of his factual contentions be summarized as follows:
>
>> Plaintiff Kevin Ward asserts that the actions of Officer Marcus Hefley and James Befort was [sic] in direct violation of Mr. Ward's Constitutional Rights under the Fourteenth Amendment. That equal protection of the law forbids discrimination or unequal treatment of the law that is unjustified.
>> On April 17th 2011, Officers were dispatched from the Lenexa Kansas Police Department to investigate a noise complaint. Private Officer Kevin Ward was one of two Security Agents on duty that night. Both Mr. Ward, and the other Security Agent were commissioned with security certificates signed by the Chief of Police. That authorized them to perform as armed, uniformed, security officers, specifically assigned to that location at 7820 Quivira Road.
>> These Officers denied and refused Mr. Ward the same and equal treatment that was extended to and afforded the opposing party of that complaint, before filing an arrest report, entering Mr. Ward

---

[3] In paragraph 12, the pretrial order states as follows:

During the pretrial conference, plaintiffs verbally sought leave to amend their complaint to assert claims under Kansas state law for "outrage" and negligence. Judge O'Hara denied this request for two reasons. First, he determined the proposed claims legally were futile under the facts presented, even viewing those facts in a light most favorable to plaintiffs. Secondly, he determined the proposed claims were untimely, i.e., plaintiffs already have been deposed, all discovery has closed, and thus defendants would be deprived of any reasonable opportunity to conduct discovery on such claims if they were allowed at this late juncture.

Pretrial Order (Doc. #62) at 16-17.

> into the National Crime Information Center Data base (NCIC) and charging him with the crime of Disturbing the Peace for the music coming out of the night club. The actions of these Officers also caused the Kansas City Mo. Police Department Private Officers Section to take action against Mr. Ward because of his commission through them, and the alert they received from the NCIC.

Id. at 4-5 n.1.

On October 24, 2013, Ward filed a motion to sever his claims from Yilala's claim. See Doc. #64. Ward states that the pretrial order lumps the claims together when in fact they are separate. Ward states that his claims are against Hefley and Befort for events which occurred on April 17, 2011, whereas Yilala asserts claims against Vajen and the Lenexa police department for ongoing harassment which forced him to close his business. Id. at 1-2. Ward states that although the claims are separate, they are similar due to the location of events and the fact that they both involve Lenexa police officers. Id. at 2.

## II.   Legal Standards

### A.   Motion To Sever

Rule 21, Fed. R. Civ. P., states as follows:

Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

Whether to sever claims under Rule 21 is within the Court's discretion. See K–B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1153 (10th Cir. 1985); Hyplains Dressed Beef, Inc. v. EE Operating Corp., 142 F.R.D. 174, 176 (D. Kan. 1992). In determining whether to sever, the Court looks to whether plaintiffs are properly joined under Rule 20(a), Fed. R. Civ. P. See 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1683, at 475

(3d ed. 2001); Fong v. Rego Park Nursing Home, No. 95 Civ. 4445, 1996 WL 468660, at *2 (E.D.N.Y. Aug.7, 1996). Rule 20(a) permits plaintiffs to join claims if they assert rights which (1) arise out of the same transaction, occurrence, or series of transactions or occurrences and (2) involve common questions of law or fact. The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Wright, Miller & Kane, supra, § 1652, at 395. The Court has discretion to sever plaintiffs' claims if these objectives are not met and joinder will instead result in prejudice, expense or delay. See id. at 396. The United States Supreme Court has noted that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

### B. Motion To Amend Pretrial Order

Under Rule 16(d), Fed. R. Civ. P., the pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d); see also D. Kan. Rule 16.2(c).[4] A pretrial order may be modified "only to prevent manifest injustice." Davey v. Lockheed Martin Corp., 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)). A party seeking to amend the pretrial order has the burden to demonstrate that manifest injustice would otherwise occur. See id. The Court

---

[4] D. Kan. Rule 16.2(c) states as follows:

Effect of Pretrial Order. The pretrial order, when approved by the court and filed, together with any memorandum entered by the court at the conclusion of the final pretrial conference, controls the subsequent course of the action unless modified by:
    (1) consent of the parties and court; or
    (2) an order of the court to prevent manifest injustice.

D. Kan. Rule 16.2(c).

exercises discretion in deciding whether to modify the pretrial order. See id.; Koch v. Koch Indus., Inc., 203 F.3d 1202, 1222 (10th Cir. 2000). In so doing, the Court considers the following factors: (1) disruption to the orderly and efficient trial of the case by inclusion of the new issue; (2) prejudice or surprise to the party opposing trial of the issue; (3) ability of the party to cure any prejudice; and (4) bad faith by the party seeking to modify the order. See Koch, 203 F.3d at 1222 (citation omitted). In applying these factors, the Court must strive to assure "the full and fair litigation of claims." Joseph Mfg. Co. v. Olympic Fire Corp., 986 F.2d 416, 420 (10th Cir. 1993).

The Tenth Circuit has explained that an attempt to add a new claim to the pretrial order is "the equivalent of asking leave to amend [the] complaint, and must be evaluated by the court under the standards set forth in Rule 15(a)." Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006); Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006); see Hunter v. The Buckle, Inc., 488 F. Supp.2d 1157, 1170 (D. Kan. 2007). Under Rule 15(a), the Court will generally deny leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment. See Duncan v. Manager, Dept. of Safety, City & Cnty. of Denver, 397 F.3d 1300, 1315 (10th Cir.2005). Leave to amend is within the sound discretion of the Court. See Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991). Rule 15(a) instructs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

**III.   Analysis**

Ward asks the Court to sever his claims because the pretrial order unfairly lumps them together with Yilala's claims. See Motion To Sever (Doc. #64) filed October 24, 2013. Ward states that the pretrial order describes the nature of the case in a way which suggests that both plaintiffs

contend that the business was searched several times without a warrant, when in reality that describes only Yilala's claims. Id. at 2. Ward states that his own claims are along the lines of unequal and unfair prosecution of the law, or malicious prosecution, for being falsely charged with a crime for which officers knew he could not be held accountable. Id. at 1-2. Ward states that he attempted to file his own nature of the case, but that he has no confirmation that it was included in the pretrial order. Id. Ward states that the only way to "remove this cloak of confusion" is to sever the two claims and to address them separately. Id. at 2, 4.[5]

Defendants respond that plaintiffs have properly joined their claims under Rule 20, Fed. R. Civ. P., and that the pretrial order accurately describes Ward's claims. The Court agrees. Plaintiffs filed this lawsuit jointly, based on claims which arise from the same series of occurrences and involve common questions of law or fact. See Fed. R. Civ. P. 20(a). The parties have jointly conducted discovery and pretrial proceedings. To sever the claims now would contravene the purposes of Rule 20(a) to promote trial convenience and prevent multiple lawsuits. See 7 Wright, Miller & Kane, supra, § 1652, at 395. Ward points to no undue prejudice, expense or delay in requiring him to proceed in the case as filed. Read as a whole, the pretrial order does not unfairly lump together plaintiffs' claims. In footnote 1, the pretrial order contains the precise language which Ward proposed to clarify his claims. See Pretrial Order (Doc. #62) at 4-5 n.1. Out of an abundance of caution, however, the Court will include plaintiff's motion to sever as an addendum to the pretrial

---

[5] Ward also complains that Judge O'Hara made amendments to his original claims which tend to downplay the seriousness of his claims. Specifically, Ward points to his allegations of arrest and criminal charge for disturbing the peace, to which Judge O'Hara added a parenthetical which states "although admittedly not a physical arrest." Motion To Sever (Doc. #64) at 2. Ward states that once an arrest is entered into the database, it does not distinguish the type of arrest and carries the same effect and damage regardless whether it is a physical arrest. Id. The Court has reviewed plaintiffs' complaint and the pretrial order and finds that any such amendments are not prejudicial.

order to clarify any possible confusion regarding the nature of plaintiffs' claims.[6]

Defendants contend that Ward's motion to sever is frivolous and ask the Court to require him to pay their attorneys' fees incurred in responding to the motion. Defendants' Response To Plaintiff Ward's Motion To Sever (Doc. #66) filed October 30, 2013 at 3-4. Rule 11 of the Federal Rules of Civil Procedure prohibits the filing of a motion for sanctions until after the motion has been served and the opposing party has had 21 days to correct the challenged action. Fed. R. Civ. Pro. 11(c)(1)(A). Defendants have not shown that they have complied with this procedure. Accordingly, the Court overrules defendants' request for attorneys' fees.

**IT IS THEREFORE ORDERED** that plaintiff Ward's Motion To Sever (Doc. #64) filed October 24, 2013, which the Court also construes as a motion to supplement the pretrial order, be and hereby is **SUSTAINED in part.** The Court includes plaintiff's motion to sever as an addendum to the pretrial order to clarify any confusion regarding the nature of plaintiffs' claims. Ward's motion is otherwise overruled.

**IT IS FURTHER ORDERED** that the request for attorneys' fees in Defendants' Response To Plaintiff Ward's Motion To Sever (Doc. #66) filed October 30, 2013 be and hereby is **OVERRULED.**

Dated this 18th day of November, 2013 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          Kathryn H. Vratil
                                          United States District Judge

---

[6] The Court notes that the addendum does not include new claims or issues, will not prejudice or surprise defendants, and appears to be sought by plaintiff in good faith. See Koch, 203 F.3d at 1222 (citation omitted).